Argued October 4, affirmed December 30, 1966

# BRUSH *v.* STATE BOARD OF HIGHER EDUCATION

422 P. 2d 268

*Wolf D. von Otterstedt,* Assistant Attorney General, Eugene, argued the cause for appellant. With him on the brief were Robert Y. Thornton, Attorney General, and Loren H. Russell, Assistant Attorney General, Salem.

*Thomas P. Deering,* Portland, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

McALLISTER, C. J.

This is a declaratory judgment proceeding brought by plaintiff, Florence Brush, against the State Board of Higher Education, challenging the constitutionality of ORS 342.615, which requires that every teacher in the public schools of Oregon, as a condition of employment, subscribe to an oath in the form set out in the statute. The statute reads as follows:

> ORS 342.615 "Any person entering into a contract to teach in the public schools of the state shall, as a part of the contract, subscribe to the following oath or affirmation:
>
> "'I do solemnly swear, or affirm, that I will support the Constitution of the State of Oregon and the laws enacted thereunder, and that I will teach, by precept and example, respect for the flags of the United States and of the State of Oregon; reverence for law and order and undivided allegiance to the Government of our country, the United States of America.'
>
> "The oath or affirmation, duly signed, shall be filed in the office of the district school board issuing the contract and a copy shall be given to the person subscribing to the oath of affirmation."

The lower court held the statute unconstitutional, and defendant appeals.

The facts are not in controversy. The plaintiff is an Assistant Professor of Portland State College, one of the institutions controlled by the State Board of Higher Education. On September 20, 1965, the Chancellor of the State Board of Higher Education directed the President of Portland State College to require every faculty member of the college to comply with ORS 342.615. The plaintiff refused and was advised that she would receive no further compensation until she filed a loyalty oath as required by the statute.

Our decision here is controlled by *Baggett v. Bullitt,* 377 US 360, 84 S Ct 1316, 12 L ed 2d 377 (1964). In that case the Supreme Court held that a Washington statute requiring employees of the State of Washington to take a similar oath[1] was unconstitutionally vague and contravened both the First and Fourteenth Amendments to the Constitution of the United States.

In holding that the oath required by the 1931 Washington statute quoted below violated the due process clause of the Fourteenth Amendment, the court said (377 US 371-372):

"We also conclude that the 1931 oath offends due process because of vagueness. The oath exacts a promise that the affiant will, by precept and example, promote respect for the flag and the institutions of the United States and the State of Washington. The range of activities which are or might be deemed inconsistent with the required promise is very wide indeed. The teacher who refused to salute the flag or advocate refusal because of religious beliefs might well be accused of breaching his promise. Cf. West Virginia State Board of Education v. Barnette, 319 US 624, 87 L ed 1628, 63 S Ct 1178, 147 ALR 674. Even criticism of the design or color scheme of the state flag or unfavorable comparison of it with that of a sister State or foreign country could be deemed disrespectful and therefore violative of the oath.   \*   \*   \*

"It is likewise difficult to ascertain what might be done without transgressing the promise to 'promote . . . undivided allegiance to the government of the United States.' It would not be un-

---

[1] "I solemnly swear (or affirm) that I will support the constitution and laws of the United States of America and of the State of Washington, and will by precept and example promote respect for the flag and the institutions of the United States of America and the State of Washington, reverence for law and order and undivided allegiance to the government of the United States." Wash Laws 1931, c. 103.

reasonable for the serious-minded oathtaker to conclude that he should dispense with lectures voicing far-reaching criticism of any old or new policy followed by the Government of the United States. He could find it questionable under this language to ally himself with any interest group dedicated to opposing any current public policy or law of the Federal Government, for if he did, he might well be accused of placing loyalty to the group above allegiance to the United States.

"Indulging every presumption of a narrow construction of the provisions of the 1931 oath, consistent, however, with a proper respect for the English language, we cannot say that this oath provides an ascertainable standard of conduct or that it does not require more than a State may command under the guarantees of the First and Fourteenth Amendments."

In holding that the 1931 Washington statute violated the First Amendment guarantee of free speech, the court said (377 US 372):

"As in Cramp v. Board of Public Instruction, '[t]he vice of unconstitutional vagueness is further aggravated where, as here, the statute in question operates to inhibit the exercise of individual freedoms affirmatively protected by the Constitution,' 368 US 278, 287, 7 L ed 2d 285, 292, 82 S Ct 275. We are dealing with indefinite statutes whose terms, even narrowly construed, abut upon sensitive areas of basic First Amendment freedoms. The uncertain meanings of the oaths require the oath-taker—teachers and public servants—to 'steer far wider of the unlawful zone,' Speiser v. Randall, 357 US 513, 526, 2 L ed 2d 1460, 1473, 78 S Ct 1332, than if the boundaries of the forbidden areas were clearly marked. Those with a conscientious regard for what they solemnly swear or affirm, sensitive to the perils posed by the oath's indefinite language, avoid the risk of loss of employment, and perhaps profession, only by restricting their

conduct to that which is unquestionably safe. Free speech may not be so inhibited." [Citing cases]

Since there is no reasonable basis to distinguish the loyalty oath required by ORS 342.615, and the Washington oath construed in *Baggett v. Bullitt,* supra, we affirm the judgment of the lower court. We need not consider whether ORS 342.615 also contravenes Article I, Section 8, of the Constitution of the State of Oregon.

The decree of the lower court is affirmed.